Samuel **KOPET**, Plaintiff,

v.

**ESQUIRE REALTY COMPANY** et al.,
Defendants.

No. 72 Civ. 4605.

United States District Court,
S. D. New York.

Dec. 10, 1974.

Kass, Goodkind, Wechsler & Gerstein, New York City, for plaintiff; David M. Gerstein, Robert S. Churchill, New York City, of counsel.

Herman Odell, New York City, for defendants; John F. Zulack, Nathaniel M. Sokolski, New York City, of counsel.

MKTZNER, District Judge:

The attorneys for the plaintiff seek an award of counsel fees in the sum of $25,000, plus disbursements of $330 to be paid for by the individual defendants or, in the alternative, by defendant Esquire Realty Company (Esquire Realty).

This action was instituted as a class action on behalf of some of the limited partners of Esquire Realty. The complaint contained five counts. On plaintiff's motion for summary judgment, defendants cross-moved to dismiss Counts IV and V for lack of subject matter jurisdiction. On December 4, 1973, defendants' cross-motion was granted and plaintiff's motion for summary judgment was granted on consent as to Counts I and III. The motion was denied as to Count II because of the existence of triable issues of fact. Plaintiff voluntarily discontinued Count II in light of the fact that summary judgment was granted on Counts I and III which, according to plaintiff, "would yield substantially the relief which could have been obtained under Count II."

Count I charged violation of Section 12(1) of the Securities Act of 1933, while Count III charged, under the doctrine of pendent jurisdiction, violation of the New York General Business Law. Count II charged violation of Section 10(b) of the Securities Exchange Act of 1934.

In the latter part of February, 1974, the parties submitted counterorders on the decision of the court, including the ordering paragraphs necessary to proceed as a class action under Rule 23(b)(3). Accompanying the proposed orders were proposed notices of class action procedure to be mailed to members of the class.

On February 25, the court held a conference with the attorneys on the counterorders, at which time it indicated the suggestions it had for resolving the differences between the parties and also requested that additional material be included in the ultimate order to be entered. Among the additions to be made was notice that counsel for the plaintiff would be seeking the payment of a fee out of the recovery and the amount of the requested fee, along with the requirement that an affidavit of services be filed in the Clerk's Office for inspection in advance of the date set for a hearing on the requested fee.

Nothing further was heard from the parties for several months until this present motion was filed, returnable on June 24, and later adjourned on the parties' consent to September 5.

I can understand plaintiff's request that defendants be required to pay the fee in addition to the recovery flowing from the granting of summary judgment on Counts I and III. There are practical difficulties involved if the successful members of the class are called upon to pay the fee. The amount of the fee earned may well be quite small, at least when compared with the expectations which existed when the action was instituted. However, that is no fault of the defendants.

Section 12(1) provides specific remedies for successful plaintiffs: rescission, if the stock is still owned, or damages if the stock has been sold.

Mills v. Electric Auto-Lite, 396 U.S. 375, 389–397, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970) is not helpful to the attorneys here. That case dealt with Section 14(a) which makes no provision for private recovery. The Court, in awarding counsel fees, was desirous of aiding the "private attorney general" in the enforcement of the remedial provisions of the act in a case where a fund is not created by efforts of counsel.

We are dealing here with a representative suit, not a derivative suit. There

is individual recovery for those who come forward and request it. There is no benefit conferred on anyone who does not seek to participate in the fruits of the judgment. Consequently, this application must be denied.

It is claimed that the institution of this action has created benefits for all the limited partners in defendant Esquire Realty. However, those benefits really are to be found in the counts which the court dismissed. Those counts were common law counts and not in any way pendent to the federal claims. Plaintiff seems to understand this when he says in his moving affidavit that "the revelation of the illegal borrowings and the leasehold sale described above supplied the limited partners of Esquire with information sufficient to enable them to commence an action in the Supreme Court of the State of New York, New York County, on behalf of Esquire against the defendant general partners seeking, etc." If the information developed is so useful to the members of the class, counsel should proceed in the Supreme Court and request an award of counsel fees there upon the successful conclusion of the litigation.

Counsel may only seek an award for services rendered in the successful litigation in this court by following the procedures outlined by the court at the conference back in February. An affidavit of services should be filed with the clerk of the court and notices should be sent to members of the class as to the total fee requested, and the possible impact on members of the class individually. The members of the class could then review the application in detail at the Clerk's Office, and voice any objections thereto on the date fixed for a hearing. At this time the court will not indicate any view as to the amount of fee to be awarded nor its apportionment.

The motion is denied. Counsel is directed to settle the necessary order on the original motion.

So ordered.